Henry HEWES, Plaintiff–Appellant,

v.

Robert ABRAMS, Attorney General of the State of New York, Intervenor–Appellee,

New York City Board of Elections, Defendant–Appellee.

No. 1568, 89–7589.

United States Court of Appeals, Second Circuit.

Argued Aug. 28, 1989.

Decided Sept. 1, 1989.

Henry Hewes, New York City, plaintiff-appellant, pro se.

Dennis J. Saffran, New York City, Asst. Atty. Gen. for the State of N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for intervenor-appellee.

Ellen B. Fishman, New York City, Asst. Corp. Counsel of the City of New York (Peter L. Zimroth, Corp. Counsel of the

---

City of New York, of counsel), for defendant-appellee.

Before FEINBERG and NEWMAN, Circuit Judges, MISHLER, District Judge.*

PER CURIAM:

Pro se plaintiff-appellant Henry Hewes appeals from an order, entered on May 5, 1989, of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., J., denying Hewes's motion for a preliminary injunction, and granting the cross-motion to dismiss of intervenor-appellee Robert Abrams. Appellant, who is the Right to Life Party candidate for Mayor of New York City and a would-be candidate in the Republican primary for that office, challenges the constitutionality of section 6–136(2) of the New York Election Law. This section requires a prospective candidate in a primary to present a petition signed either by five percent of the registered voters of that candidate's party, or 10,000 such voters, whichever is less, in order to be placed on the ballot. Appellant argues that section 6–136(2) allows a candidate from a party with a large enrollment—such as the Democratic Party—to qualify for the ballot with a number of signatures representing a substantially lower percentage of the total enrollment of that candidate's party than does a candidate from a party with a small enrollment. Appellant claims that section 6–136(2) thus violates the Equal Protection Clause by placing an undue burden on prospective candidates from minority parties. We affirm substantially for the reasons stated by Judge Haight in his thorough opinion, reported at 718 F.Supp. 163 (S.D. N.Y.1989).

* Honorable Jacob Mishler, Senior United States District Judge for the Eastern District of New York, sitting by designation.